10-977-ag
Njoo v. Holder

BIA
Opaciuch, IJ
A095 367 167
A098 485 464

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of January, two thousand eleven.

PRESENT: GUIDO CALABRESI,
ROBERT A. KATZMANN,
GERARD E. LYNCH,
        *Circuit Judges.*

_____

EDDY SOEWASETIO NJOO, JENNY SETIAWATI BONG,
        *Petitioners,*

        v.                                    10-977-ag
                                              NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
        *Respondent.**

_____

FOR PETITIONERS:        Jack Herzig, Glenside, Pennsylvania.

FOR RESPONDENT:         Tony West, Assistant Attorney General; Anthony C. Payne, Senior Litigation Counsel; Tiffany L.

---

* The Clerk of Court is instructed to amend the official caption in this case to conform to the listing of the parties above.

**Walters, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Eddy Soewasetio Njoo and Jenny Setiawati Bong, natives and citizens of Indonesia, seek review of a February 26, 2010, decision of the BIA reaffirming, on remand, the March 24, 2005, decision of Immigration Judge ("IJ") Adam Opaciuch denying their applications for withholding of removal.[1] *In re Njoo*, No. A095 367 167 / A098 485 464 (B.I.A. Feb. 26, 2010), *aff'g* No. A095 367 167 / A098 485 464 (Immig. Ct. N.Y. City Mar. 24, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

---

[1] Despite some ambiguity as to whether both Njoo and Bong – as opposed to only Njoo – petitioned this Court for review, on balance the case initiation documents and subsequent briefing indicate that both petitioners sought review of the BIA's decision. In any event, Bong cannot be prejudiced by this Court unnecessarily resolving her removability along with Njoo's: she is now out of time to file her own petition for review and any claims that she could have raised in a separate petition necessarily would have been duplicative of those raised in this case.

Under the circumstances of this case, we review the BIA's decision alone. *See Belortaja v. Gonzales,* 484 F.3d 619, 622-23 (2d Cir. 2007). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The agency did not err in determining that Njoo and Bong failed to establish that a pattern or practice of persecution against Chinese Christians exists in Indonesia, reasonably relying on country conditions evidence in the record to find that although Chinese Christians face incidents of harm, particularly by non-state actors, and although government forces at times tolerate such illegal actions, the record did not establish that there is systematic, pervasive, or organized persecution. *See Santoso v. Holder*, 580 F.3d 110, 112 (2d Cir. 2009).[2]

---

[2] We note in passing the BIA's assertion that *Santoso* held that the Board "*only* erred where [it has] failed to consider if there exists a pattern or practice of persecuting similarly situated persons in the applicable country." *In re Njoo*, No. A095 367 167 / A098 485 464 (B.I.A. Feb. 26, 2010) (emphasis added). *Santoso*, however, held only that the Board did not err where it successfully performed such an analysis; it announced no holding regarding other ways the Board might err in pattern or practice cases.

While Njoo and Bong argue that the agency did not make an individualized determination on the basis of documentary evidence contained in the record, the record does not suggest that the agency failed either to take into account all evidence presented or to base its decision on that evidence, particularly given that the BIA explicitly referenced various materials submitted as background evidence in its decision. *See Gao v. Mukasey*, 508 F.3d 86, 88 (2d Cir. 2007)(remanding to the BIA only after concluding that it failed to pay "any attention at all" to petitioner's documentary evidence). Similarly, while Njoo and Bong assert that the BIA impermissibly engaged in independent fact-finding, the BIA did not engage in additional fact-finding, but rather upheld the IJ's findings that religious and ethnic violence had decreased and that the government generally respected and promoted religious freedom and ethnic tolerance. *See* 8 C.F.R. §§ 1003.1(d)(3)(iv), 1003.3(f); *Xian Tuan Ye v. DHS*, 446 F.3d 289, 296 (2d Cir. 2006).

The BIA has asserted that claims of a pattern or practice of persecution should be evaluated with reference to whether the alleged persecution is "systematic, pervasive, or organized," *In re A—M—*, 23 I. & N. Dec. 737, 741 (BIA 2005)

(internal quotations omitted), but has yet to explain how we should apply this standard, *see Santoso*, 580 F.3d at 112 n.1. Nor has the Board applied that standard in the present case. However, as in *Santoso*, while we urge the BIA to begin applying and explaining the standard it has chosen, we are nonetheless "able to reach the conclusion that the agency's decision was not erroneous" because the BIA "explicitly discussed the pattern or practice claim and the record includes substantial documentary evidence regarding the conditions in petitioners' homeland . . . ." *Id.*

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk